**WILSON & CO., Inc., v. GATES et al.**

**No. 10741.**

Circuit Court of Appeals, Eighth Circuit.

May 5, 1937.

James D. Cooney, of Chicago, Ill. (John F. D. Meighen, of Albert Lea, Minn., and Marshal Wiedel, of Chicago, Ill., on the brief), for appellant.

Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, National Labor Relations Board, and John J. Babe, Laurence A. Knapp, and Philip G. Phillips, all of Washington, D. C., Attys., National Labor Relations Board, on the brief), for appellees.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

This is an action to enjoin a hearing before a Regional Director of the National Labor Relations Board and for a declaratory judgment declaring the National Labor Relations Act (49 Stat. 449 [29 U.S.C.A. §§ 151–166]) to be invalid. The matter was presented on the petition, supporting affidavits, and a motion to dismiss the petition. From a decree dismissing the petition, this appeal is brought.

Aside from allegations directed to the existence of equitable jurisdiction, the basis of the petition is the invalidity of the National Labor Relations Act. The trial court made findings of fact and stated conclusions of law. The views of the court are concisely stated in a memorandum as follows:

"It is my view that equitable relief should be denied for the following reason: 1. That the plaintiff has shown no sufficient threat of immediate or irreparable injury. 2. That the provisions of the Act lodge in the Board the right to issue but not enforce a subpoena. 3. There exists no present threat of criminal proceedings at the hands of the Board or any prosecuting officer. 4. That the claim of multiplicity of suits is a fear only and no showing of substance appears in that connection. 5. The administrative provisions of the Act provide a remedy which viewed in conjunction with the jurisdiction of the Circuit Court of Appeals provides plaintiff with full and adequate protection. 6. The Board hearing will develop findings of fact in the light of the evidence under the procedure provided by the Act.

"In view of the conclusion reached above I find it unnecessary to pass upon the constitutionality of the law. * * *

"As to the prayer for a declaratory judgment I quote from the case of Bradley Lumber Co. v. National Labor Relations Board [(C.C.A.) 84 F.(2d) 97, 100], supra, citing Gully v. Interstate Natural Gas Co. (C.C.A.) 82 F.(2d) 145:

" 'The new power to make a declaratory decree does not authorize a court of equity

by declaration to stop or interfere with administrative proceedings at a point where it would not, under settled principles, have interfered with or stopped them under its power to enjoin. The declaratory decree is a useful form of remedy, but the statutory provision for it * * * does not enlarge the scope of equity jurisdiction to permit its application to controversies which have not yet reached the judicial stage.' "

The assignments of errors present two broad issues here: The existence of the necessary bases for equitable jurisdiction, and the validity of the above act. At the time this case was submitted this court was advised that the Supreme Court would shortly consider a series of cases involving the validity of the act. In view of that situation, we deemed it wise to hold this case under submission until the Supreme Court should determine those cases as such determination might announce principles decisive of this case.

The Supreme Court has now acted. The case of National Labor Relations Board v. Jones & Laughlin Steel Corporation, 57 S. Ct. 615, 81 L.Ed. ——, has determined the validity of the act. The principles announced therein are applicable to this case and are controlling.

We do not examine the issue here as to the existence of equitable jurisdiction. Even if such jurisdiction exists, the decree must be affirmed upon the issue of validity of the act.

The decree must be, and is, affirmed.